UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAHI AMADI HASANATI,

       Petitioner,

v.                                        Case No. 3:20-cv-942-J-32MCR

UNITED STATES OF AMERICA,

       Respondent.

## ORDER

    Petitioner, an inmate of the Florida penal system, initiated this case by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a request to proceed as a pauper (Doc. 3). He also filed a Declaration in Support (Doc. 2), an Addendum (Doc. 5), a Notice (Doc. 6), a Motion seeking a COVID-19 test (Doc. 7), a Motion requesting an order enjoining the Florida Department of Corrections from transferring Petitioner during the pendency of this case (Doc. 8), and two Appendices (Docs. 9, 10).

    Petitioner is serving a sentence of incarceration based on a state court conviction from Miami-Dade County, and he is currently housed at Hamilton Correctional Institution. He claims that he is being held on "an unsupported defective information authored by an at will attorney," and the "court lack[s] jurisdiction; judgment void, ab initio; imprisoned and confined in a densely

populated COVID-19 space." Doc. 1 at 1. He asserts that he is challenging the fact that he is "coerced to live or survive in a deadly coronavirus environment; no physical distancing; extremely poor ventilation; zero cleaning of lingering pathogens; a technical death sentence." Id. at 2. He raises one ground for relief: "Unconstitutionally coerced to live in a densely packed contaminated dormitory space infested with COVID-19 disease, in violation of the Eighth and Ninth Amendments." Id. at 7. As facts supporting this ground, he states:

> The Body is wrongfully coerced to live within 2 feet of others among 70 other adults in a densely packed closed 3496 square feet area for more than 23 hours each day, in an inadequately ventilated contaminated space that is evidently infested with the deadly covid-19 disease. Physical distancing is nonexistent, which is aggravated by the intentional refusal of staff members and others to wear protective masks, despite the imposition of 2 medical isolations since May of this year. There is no reliable evidence of mitigation of the virus within the said confined contaminated dormitory.

Id. As relief, Petitioner requests the Court "declare that the wrongful confinement in the densely packed coronavirus infested space is unconstitutional; grant an order for the immediate discharge of the Body, and for such other relief under these circumstances." Id. at 8.

The Petition is due to be dismissed for several reasons. First, Petitioner has named the United States of America as the only Respondent. Petitioner,

2

however, is not being held on the authority of the United States; rather, he is being held based on a state court conviction and sentence.

Second, Petitioner is challenging the conditions of his confinement rather than his conviction or sentence. Indeed, but for the alleged inadequate conditions relating to COVID-19, Petitioner would not have a claim. And claims relating to conditions of confinement are more appropriately challenged in a section 1983 civil rights complaint. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); see also Keys v. Warden, FCC Coleman - Low, No. 5:20-cv-319-Oc-02PRL, 2020 WL 3962233, at *1-2 (M.D. Fla. July 13, 2020) (dismissing without prejudice federal prisoner's § 2241 petition seeking release based on alleged conditions relating to COVID-19, because the claims "are not cognizable under § 2241" and should be brought in a civil rights complaint); Harris v. Calif. Dep't of Corr. Chino CA, No. EDCV20-00777-JFW(DFM), 2020 WL 3977604, at *1 (C.D. Cal. July 13, 2020) (dismissing without prejudice state prisoner's habeas petition because "the [p]etition challenge[d] the condition of [the p]etitioner's confinement [regarding the prison's response to the COVID-19 pandemic] and therefore [wa]s not cognizable on habeas review"). Moreover, while release from confinement is generally sought in habeas corpus rather

3

than civil rights, release is not available as a remedy for unconstitutional conditions. See Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) ("[R]elief of an Eighth Amendment violation does not include release from confinement.").

Third, if Petitioner is attempting to challenge his conviction or sentence,[1] he cannot do so without the Eleventh Circuit's permission, because the Southern District of Florida previously adjudicated Petitioner's habeas corpus petition under section 2254. See Case No. 1:17-cv-20682-JAL (S.D. Fla.). Thus, he must seek permission from the Eleventh Circuit prior to filing a second or successive habeas petition, and he cannot overcome the procedural requirements of § 2254 by labeling his petition as one under § 2241. See Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003).

Finally, even if this Court construed Petitioner's claim as being filed under section 1983, the claim appears to be unexhausted. See Lindsey v. Colon, No. 20-22920-CIV, 2020 WL 5981851, at *2-3 (S.D. Fla. Oct. 8, 2020) (construing the petitioner's § 2241 petition as a § 1983 complaint because he "challeng[ed] the execution of his sentence on constitutional grounds [(relating to COVID-19)], not the constitutionality or fact of his conviction or length of his sentence,"

---

[1] Petitioner makes passing reference to an "unfounded information," but the gravamen of his claim relates to the alleged conditions of confinement with respect to COVID-19.

4

and dismissed it without prejudice, in part, because the petitioner did not exhaust his administrative remedies). Petitioner either left blank or crossed out the questions relating to exhaustion, Doc. 1 at 2-5, and checked "No," in response to the question, "Did you present Ground One in all appeals that were available to you?" Id. at 6. Regardless, the Court has approved forms for the filing of habeas corpus and civil rights cases, and Petitioner must use the appropriate form.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The Clerk shall send Petitioner a civil rights complaint form and an affidavit of indigency form.

4. If Petitioner appeals the dismissal of this case, the Court denies a certificate of appealability (COA).[2] Because this Court has determined that a

---

[2] The Court should issue a COA only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell,

COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of October, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 10/19
c:
Jahi Amadi Hasanati, #D15084

---

537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Here, the Court denies a COA.